UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 1:10-cr-170-LJO-1 |
|---|---|
| Plaintiff, | **ORDER ON MOTION FOR BAIL PENDING APPEAL; HEARING NOT NEEEDED** |
| v. | |
| RAY WESLEY GRANT, | (Doc. 55) |
| Defendant. | |

The Court has received and reviewed the Defendant's Motion for Bail Pending Appeal, the Points and Authorities, and the Declaration of Defense Counsel. The Court disagrees with Counsel that no motion for release/bail pending appeal was brought and ruled on in open court on September 11, 2017, at the time of the Disposition that followed the Contested Hearing that took place on August 21, 2017. At that Disposition hearing, the Government made a motion for immediate remand to have the Defendant commence his prison term. The Court, after being convinced that Probation could expend the concentrated resources on the Defendant IN THE SHORT TERM, allowed the Defendant to stay out of custody for 30 days, pending the filing at the Ninth Circuit a Notice of Appeal and a Petition for

1

Stay on the Remand Order. This Court made it clear that unless the Ninth Circuit issued an Order of Stay that the Defendant was to report to the U.S. Marshal on September 29th to be taken into custody.

This Court is not convinced that there is any basis, factual or legal, upon which the Finding of Violation will be overturned. This Court IS convinced that absent the extraordinary and concentrated supervision by Probation IN THE SHORT TERM, that the Defendant IS a danger to minor children, and thus the LIMITED Order of 30 days to report.

The Defendant has shown his inability and/or unwillingness to abide by the clear and obvious terms of his prior release conditions. At the factual hearing, this Court did not find credible that the several Probation Officers involved in his supervision had not told the Defendant in clear and no uncertain terms of his obligation not to be associated or around minor children after his conviction for serious and felonious behavior involving minor children. More to the point, the Court did not find the Defendant to be credible when he testified.

At the hearing, this Court understood with clarity that the same instant motion made herein was being made orally by Defense Counsel.

At that time, the Court denied the request for remaining out of custody beyond September 29th, in that the prerequisite "exceptional circumstances" were absent. *See United States v Garcia*, 340 F.3d 1013, 1014-21 (9th Cir. 2003). More specifically, the undersigned finds that two factors absent from the Defendant's circumstances are: (1) There is no unusually strong chance that the Defendant will succeed in obtaining a reversal of this Court's credibility findings regarding his now-found-true violations; and (2) The Defendant is NOT unlikely to constitute a danger to the community, specifically to minor children. (in this case, inter alia, a special needs child who was the subject of the violation found to be true).

From the wording of the instant motion, it appears as though the motion is being made, assuming that this Court would deny it as it did at the hearing on September 11, 2017, thereby allowing the motion to be made at the Ninth Circuit level.

2

If there is any question in the record that the motion was made orally on September 11, 2017, and denied on the record at the same time, it should be clear now.  The motion was, and is, DENIED.

IT IS SO ORDERED.

Dated:  **September 21, 2017**        /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE